# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLITZ U.S.A., Inc.,<br><br>        Debtor.<br><br>Tax I.D. No. 8104 | Chapter 11<br><br>Case No. 11-[_____] (___) |
| In re:<br><br>LAM 2011 HOLDINGS, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 8742 | Chapter 11<br><br>Case No. 11-[_____] (___) |
| In re:<br><br>BLITZ ACQUISITION HOLDINGS, Inc.,<br><br>        Debtor.<br><br>Tax I.D. No. 8825 | Chapter 11<br><br>Case No. 11-[_____] (___) |
| In re:<br><br>BLITZ ACQUISITION, LLC,<br><br>        Debtor.<br><br>Tax I.D. No. 8979 | Chapter 11<br><br>Case No. 11-[_____] (___) |

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLITZ RE HOLDINGS, LLC, | ) | Case No. 11-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 9071 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| F3 Brands LLC, | ) | Case No. 11-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 2604 | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## DIRECTING JOINT ADMINISTRATION OF THEIR CHAPTER 11 CASES

Blitz U.S.A., Inc. ("*Blitz*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*")[1] file this motion (this "*Motion*") for the entry of an order (the "*Order*"), substantially in the form attached hereto as **Exhibit A**, directing joint administration of their related chapter 11 cases. In support of the Motion, concurrently herewith, the Debtors submit the *Declaration of Rocky Flick, President and Chief Executive Officer of Blitz U.S.A., Inc. in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "*First Day Declaration*") and respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LAM 2011 Holdings, LLC (8742); Blitz Acquisition Holdings, Inc. (8825); Blitz Acquisition, LLC (8979); Blitz RE Holdings, LLC (9071); Blitz U.S.A., Inc. (8104); and F3 Brands LLC (2604). The location of the Debtors' corporate headquarters and the Debtors' service address is: 404 26th Ave. NW Miami, OK 74354.

2

RLF1 5563732v. 1

## Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "*Court*") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "*Local Bankruptcy Rules*").

## Introduction

4. As described in the First Day Declaration, the Debtors are the industry leader in portable fuel containment. Since its inception as the supplier of the traditional, olive-drab jerry can to the U.S. military throughout World War II, Blitz U.S.A., Inc. and its predecessor companies have evolved into the producer of the best fuel containment products in the world. Today, the red plastic jerry can is an American icon. With its global headquarters in Miami, Oklahoma, the Debtors employ approximately 250 employees and achieve annual sales of approximately $80 million. Through end of fiscal year 2011, the Debtors generated $80 million in revenue and $6 million in adjusted EBITDA.

5. Notwithstanding its industry leading position and time-tested product line, the Debtors have recently become the subject of over 35 pending lawsuits alleging, among other things, certain product deficiencies. Despite the Debtors' firm belief that its products are safe and free of deficiencies, on the date hereof (the "*Petition Date*"), each of the Debtors filed a petition with the Court under chapter 11 of the Bankruptcy Code to address the challenges posed

3

by the overwhelming pending litigation. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### **Relief Requested**

6. By this Motion, the Debtors seek entry of an order directing joint administration of these chapter 11 cases for procedural purposes only. Specifically, the Debtors request that the Court maintain one file and one docket for all of these chapter 11 cases under the case of Blitz U.S.A., Inc., and that these chapter 11 cases be administered under the caption, as follows:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| BLITZ U.S.A., Inc., *et al.*,[1] | ) |
| | ) Case No. 11-[_____] (___) |
| Debtors. | ) |
| | ) Jointly Administered |
| | ) |

7. The Debtors further request that the Court order that the foregoing caption shall satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

8. The Debtors also request that an entry be made on the docket of each of the Debtors' chapter 11 cases, other than Blitz U.S.A. Inc., to reflect the joint administration of these chapter 11 cases that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of the chapter 11 cases of the following debtors: Blitz U.S.A., Inc.; LAM 2011 Holdings, LLC; Blitz Acquisition Holdings, Inc.; Blitz Acquisition, LLC; Blitz RE Holdings, LLC; and F3 Brands LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-_____ (___).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LAM 2011 Holdings, LLC (8742); Blitz Acquisition Holdings, Inc. (8825); Blitz Acquisition, LLC (8979); Blitz RE Holdings, LLC (9071); Blitz U.S.A., Inc. (8104); and F3 Brands LLC (2604). The location of the Debtors' corporate headquarters and the Debtors' service address is: 404 26th Ave. NW Miami, OK 74354.

RLF1 5563732v. 1

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANKR. P. 1015. The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

10. Section 105(a) of the Bankruptcy Code provides the Court with the power to grant the relief requested herein by permitting the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a)

11. Further, Local Bankruptcy Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to FED. R. BANKR. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Bankruptcy Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Bankruptcy Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

DEL. BANKR. L.R. 1015-1.

12. Joint administration is generally non-controversial, and courts in this district routinely order joint administration in multiple related cases. *See, e.g., In re Friendly Ice Cream Corp.*, Case No. 11-13167, (Bankr. D. Del. Oct. 6, 2011); *In re Neb. Book Co.*, Case No. 11-12005 (Bankr. D. Del. June 28, 2011); *In re L.A. Dodgers LLC*, Case No. 11-12010 (Bankr. D.

6

Del. June 28, 2011); *In re Jackson Hewitt Tax Serv. Inc.*, Case No. 11-11587 (Bankr. D. Del. May 25, 2011); *In re Ambassadors Int'l, Inc.*, Case No. 11-11002 (Bankr. D. Del. Apr. 5, 2011); *In re Barnes Bay Dev. Ltd.*, Case No. 11-10792 (Bankr. D. Del. Mar. 21, 2011); *In re Summit Bus. Media Holding Co.*, Case No. 11-10231 (Bankr. D. Del. Jan. 28, 2011); *In re Ultimate Acquisition Partners, LP*, Case No. 11-10245 (Bankr. D. Del. Jan. 28, 2011); *In re Appleseed's Intermediate Holdings LLC*, Case No. 11-10160 (Bankr. D. Del. Jan. 20, 2011); *In re Constar Int'l Inc.*, Case No. 11-10109 (Bankr. D. Del. Jan. 13, 2011); *In re Local Insight Media Holdings, Inc.*, Case No. 10-13677 (Bankr. D. Del. Nov. 19, 2010); *In re Xerium Techs., Inc.*, Case No. 10-11031 (Bankr. D. Del. Mar. 31, 2010); *In re Spheris Inc.*, Case No. 10-10352 (Bankr. D. Del. Feb. 4, 2010); *In re The Majestic Star Casino*, Case No. 09-14136 (Bankr. D. Del. Nov. 23, 2009).

13. As set forth in the First Day Declaration, the six Debtor entities in these chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders that will arise in these chapter 11 cases will affect each and every Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

14. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion requests only administrative, not substantive, consolidation of

7

the estates. Parties in interest will not be harmed by the relief requested, but, instead, will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

15. The Debtors have provided notice of the Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agent for the Debtors' proposed postpetition secured lenders; (d) counsel to the agent for the Debtors' prepetition secured lenders; (e) the Internal Revenue Service; and (f) any party that may have a particular interest in this motion. As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Bankruptcy Rule 9013-1(m). In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

16. No prior request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: November 9, 2011  
       Wilmington, Delaware

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Daniel J. DeFranceschi*
_____
Daniel J. DeFranceschi (DE No. 2732)  
Michael J. Merchant (DE No. 3854)  
Julie A. Finocchiaro (DE No. 5303)  
Amanda R. Steele (DE No. 5530)  
One Rodney Square  
920 North King Street  
Wilmington, Delaware 19801  
Telephone: (302) 651-7700  
Facsimile: (302) 651-7701  
Email: defranceschi@rlf.com  
       merchant@rlf.com  
       finocchiaro@rlf.com  
       steele@rlf.com

*Proposed Counsel to the Debtors and Debtors in Possession*

# EXHIBIT A

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLITZ U.S.A., Inc., | Case No. 11-[_____] (___) |
| Debtor. | |
| Tax I.D. No. 8104 | |
| In re: | Chapter 11 |
| LAM 2011 HOLDINGS, LLC, | Case No. 11-[_____] (___) |
| Debtor. | |
| Tax I.D. No. 8742 | |
| In re: | Chapter 11 |
| BLITZ ACQUISITION HOLDINGS, Inc., | Case No. 11-[_____] (___) |
| Debtor. | |
| Tax I.D. No. 8825 | |
| In re: | Chapter 11 |
| BLITZ ACQUISITION, LLC, | Case No. 11-[_____] (___) |
| Debtor. | |
| Tax I.D. No. 8979 | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BLITZ RE HOLDINGS, LLC, | ) | Case No. 11-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 9071 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| F3 Brands LLC, | ) | Case No. 11-[_____] (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 2604 | ) | |

## ORDER DIRECTING
## JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the motion (the "*Motion*")[1] of Blitz U.S.A., Inc. ("*Blitz*") and certain of its affiliates, as debtors and debtors in possession (collectively, the "*Debtors*"),[2] for entry of an order (this "*Order*") directing the joint administration of the Debtors' related chapter 11 cases, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LAM 2011 Holdings, LLC (8742); Blitz Acquisition Holdings, Inc. (8825); Blitz Acquisition, LLC (8979); Blitz RE Holdings, LLC (9071); Blitz U.S.A., Inc. (8104); and F3 Brands LLC (2604). The location of the Debtors' corporate headquarters and the Debtors' service address is: 404 26th Ave. NW Miami, OK 74354.

2

other parties in interest; and the Court having found that the Debtors provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein before the Court (the "*Hearing*"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 11-_____ (___).

3. The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BLITZ U.S.A., Inc., *et al.*,[1] | ) Case No. 11-[_____] (___) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

4. The foregoing caption shall satisfy the requirements set forth in section 342(c)(1) of the Bankruptcy Code. An entry shall be made on the docket of each of the Debtors' cases, other than that of Blitz U.S.A., Inc., that is substantially similar to the following:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: LAM 2011 Holdings, LLC (8742); Blitz Acquisition Holdings, Inc. (8825); Blitz Acquisition, LLC (8979); Blitz RE Holdings, LLC (9071); Blitz U.S.A., Inc. (8104); and F3 Brands LLC (2604). The location of the Debtors' corporate headquarters and the Debtors' service address is: 404 26th Ave. NW Miami, OK 74354.

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing the joint administration of the chapter 11 cases of the following debtors: Blitz U.S.A., Inc.; LAM 2011 Holdings, LLC; Blitz Acquisition Holdings, Inc.; Blitz Acquisition, LLC; Blitz RE Holdings, LLC; and F3 Brands LLC. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-_____ (___).

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the District of Delaware shall keep, one consolidated docket, one file, and one consolidated service list.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of these chapter 11 cases.

7. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

Dated: _____, 2011
Wilmington, Delaware

_____
United States Bankruptcy Judge