UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

JUDGE PETER J. WALSH

824 MARKET STREET
WILMINGTON, DE 19801
(302) 252-2925

May 30, 2014

Lawrence L. Jones II
JONES WARD PLC
Marion E. Taylor Building
312 South Fourth Street
Sixth Floor
Louisville, Kentucky 40202

Xiaojuan Carrie Huang
3513 Concord Pike
Suite 3100
Wilmington, DE 19803

Counsel for the Bauman Claimants

Daniel J. DeFranceschi
Michael J. Merchant
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801

Counsel to Blitz Acquisition, LLC
Blitz RE Holdings, LLC, Blitz
U.S.A., Inc., and MiamiOK LLC
(f/k/a F3 Brands LLC)

Sean M. Beach
John Dorsey
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801

Counsel for LAM 2011 Holdings, LLC and
Blitz Acquisition Holdings, Inc.

Francis A. Monaco, Jr.
Kevin J. Mangan
WOMBLE CARLYLE SANDRIDGE &
RICE, LLP
222 Delaware Avenue
Suite 1501
Wilmington, DE 19801

Jeffrey D. Prol
Mary E. Seymour
Jeffrey A. Kramer
LOWENSTEIN SANDLER LLP
65 Livinston Avenue
Roseland, New Jersey 07068

Counsel to the Blitz Personal
Injury Trustee on behalf of
the Blitz Personal Injury
Trust

**Re:  Blitz U.S.A., Inc., et al.**
     **Case No. 11-13603(PJW)**

Dear Counsel:

This letter is with respect to the Emergency Motion filed on behalf of the Bauman Claimants and corresponding Objection of the Blitz Personal Injury Trust. (Doc. Nos. 2284, 2287). For the following reasons I decline to rule.

This Emergency Motion is procedurally defective. Federal Rule of Bankruptcy Procedure 7001 sets forth matters that may only be resolved through an "adversary proceeding." Fed. R. Bankr. P. 7001. Subsection (7) explicitly states that "a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief" is an adversary proceeding. Fed. R. Bankr. P. 7001(7). Without a properly filed adversary complaint, this Court cannot issue a preliminary injunction. See In re Cont'l Airlines, Inc., 236 B.R. 318, 326-27 (Bankr. D. Del. 1999).

Movants request that this Court remove the Trustee of the Blitz Trust and the Trust Advisory Committee ("TAC"). Movants do not article the appropriate process for removal of the Trustee and the TAC.  This Court has found only one reference to removal of a Trustee. "A Blitz Personal Injury Trustee may be removed by order of the Bankruptcy Court upon notice and motion filed by the Blitz Personal Injury TAC . . . ." (Blitz Personal Injury Trust Agreement, Section 4.2©). There is similar language for removal of a TAC member. "A member of the Blitz Personal Injury TAC may be

removed in the event that he or she becomes unable to discharge his or her duties hereunder . . . Such removal shall be made at the recommendation of the remaining members of the Blitz Personal Injury TAC with approval of the Bankruptcy Court." (Blitz Personal Injury Trust Agreement, Section 5.3©). Based upon the quoted language, this Court needs to better understand the exact process and procedure upon which Movants are exerting an ability to have the Trustee and TAC removed.

I suggest that the attorneys confer on this matter and communicate with Chambers for a convenient date on which to conduct a conference on this matter.

Very truly yours,

Peter J. Walsh

PJW:ipm